```
              UNITED STATES DISTRICT COURT
               DISTRICT OF NEW HAMPSHIRE
```

Leah Boyd

    v.                              Civil No. 16-cv-131-JL
                                    Opinion No. 2016 DNH 156
Wells Fargo Bank, N.A. d/b/a/
Wells Fargo Mortgage


**SUMMARY ORDER**

In this mortgage-related action, a third party to the mortgage challenges the foreclosure on her home in Somersworth, New Hampshire.  Plaintiff Leah Boyd, proceeding pro se, sued the mortgage-holder and servicer of the mortgage secured by her home, Wells Fargo Bank, N.A., doing business as Wells Fargo Mortgage, in Strafford County Superior Court.  The defendant removed the action to this court, see 28 U.S.C. § 1441, which has jurisdiction under 28 U.S.C. § 1332 (diversity).

The following facts, construed in Boyd's favor, are drawn from her complaint and documents sufficiently referenced therein.  See, e.g., Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010) (The court must "accept as true all well-pleaded facts in the complaint and make all reasonable inferences in plaintiff's favor."); Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009) (The court "may consider not only the complaint but also facts extractable from documentation annexed to or incorporated by reference in the complaint and matters

susceptible to judicial notice."). Boyd and her mother, Glenda Castleberry, purchased the four-unit house in question in August, 2009. To obtain more favorable financing terms, and in light of the status of Boyd's credit at the time, Castleberry alone took out the mortgage on the house and signed the accompanying note. A warranty deed conveying the property from the seller to Castleberry was recorded with the Strafford County Registry of Deeds contemporaneously with the mortgage instrument. About a month later, Castleberry conveyed the property to herself and Boyd via warranty deed, which was also recorded.[1] Under an agreement between Boyd and Castleberry, Boyd lived in one unit in the house, collected rent from the tenants of the three other units, paid the bills related to the house, and made the mortgage payments to Wells Fargo. Castleberry had nothing further to do with the property for the next few years.

In 2014, Castleberry began collecting the rent from the tenants without Boyd's knowledge. She did not, however, make any payments against the mortgage loan obligation. Boyd filed for bankruptcy protection in November 2015 in an effort to save

---

[1] In her complaint, Boyd alleges only that her name appears on the warranty deed to the property. The public records available from the Registry of Deeds, which were referenced in the complaint and which are "fair game in adjudicating a Rule 12(b)(6) motion," In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 19 (1st Cir. 2003), elucidate Boyd's opaque allegation.

the house, but the Bankruptcy Court (Harwood, B.J.) dismissed her petition after she failed to file requisite paperwork. Though the complaint does not suggest precisely when, Wells Fargo eventually initiated foreclosure proceedings. Boyd alleges that she tried to engage Wells Fargo in discussions in connection with the mortgage, but that Wells Fargo refused because Boyd was "on the deed not the loan." Compl. at 2. On March 31, 2016, Boyd filed a complaint in Strafford County Superior Court to enjoin a foreclosure sale scheduled for the next day. The Superior Court enjoined the foreclosure sale.

Wells Fargo removed the case to this court and now moves to dismiss the complaint, arguing (1) that Boyd fails to state a cognizable claim for relief, see Fed. R. Civ. P. 12(b)(6), and (2) that Boyd, a third party to the mortgage, lacks standing to challenge the foreclosure, see Fed. R. Civ. P. 12(b)(1). Though Boyd filed no written objection, the court carefully analyzed the defendant's arguments and afforded Boyd the opportunity to articulate her objections at oral argument, held on August 11, 2016.[2]

---

[2] The court also undertook efforts to afford Boyd the opportunity to object prior to oral argument. However, neither of the telephone numbers that Boyd supplied to the court or opposing counsel functioned when the court attempted to set up a telephone conference two weeks before the scheduled argument.

The court may dismiss a complaint under Rule 12(b)(6) if the plaintiff has not alleged facts sufficient to "state a claim to relief" by pleading, in her complaint, "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Even construing Boyd's pro se complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), the court concludes that she has not done so here.

As best the court can tell from Boyd's complaint, she seeks two forms of relief.  First, she sought--and obtained--an injunction so that she could collect rent from her tenants, which she would use to make the mortgage payments. Compl. at 2-3.  Second, as a final resolution, Boyd seeks an order "[t]hat the house belongs to her and all tenants' rent needs to be paid to [her], Leah Boyd, [and] [t]hat [she] is the rightful owner . . . ." Compl. at 4.  Neither amounts to a claim for relief against Wells Fargo.

First, Boyd concedes that Castleberry defaulted on the mortgage.  She does not challenge Wells Fargo's right to foreclose under those circumstances, nor the validity of the foreclosure itself.  Nor does she contend that Wells Fargo violated any statutory or regulatory requirements during the foreclosure proceeding.  The court accordingly concludes that

Boyd has failed to state a claim against Wells Fargo with respect to the foreclosure.

Second, Boyd requests an order that the house belongs to her. Read generously, this may amount to a petition to quiet title to the property. Through an action to quiet title, the plaintiff "essentially seeks a declaratory judgment from the court regarding the parties' land interests." Porter v. Coco, 154 N.H. 353, 357 (2006). Boyd has alleged no facts that would allow the court to draw a reasonable inference that she is entitled to this relief. While the deed conveying the property to Castleberry and Boyd may well give Boyd an interest in the property, any such interest was subject to the pre-existing mortgage and its conditions, which included the possibility of foreclosure in the event of default. See Cadle Co. v. Bourgeois, 149 N.H. 410 (2003) (a subsequent transfer of mortgaged property "does not release the real estate from the mortgage, unless the mortgage is unrecorded . . . ." (quoting Restatement (Third) of Property (Mortgages) § 5.1 comment b at 330 (1997)). Boyd bears the burden of demonstrating otherwise, see Fadili v. Deutsche Bank Nat. Trust Co., 772 F.3d 951, 954 (1st Cir. 2014) ("Under New Hampshire law, the party seeking to quiet title bears the burden of establishing [her] good title to the property against the interests of all others."). Boyd has alleged no facts that would establish that she has good title to

5

the property; in fact, the facts she alleges, and those extricable from the public record and documents referenced in the complaint, would establish the contrary, that she lacks good title against all others.[3]  Accordingly, Boyd's complaint fails to state a claim upon which this court can grant relief.

The defendant also moves to dismiss Boyd's complaint for lack of subject-matter jurisdiction, see Fed. R. Civ. P. 12(b)(1), on the grounds that Boyd lacks standing to challenge the validity of the foreclosure as a non-party to the mortgage agreement.  See Mot. to Dismiss (document no. 6) at 5-6.  This court has, as the defendant points out, acknowledged that language of the Real Estate Settlement Procedure Act, 12 U.S.C. § 2601 et seq., precludes a non-borrower from obtaining relief for a loan servicer's violation of that statute and that a non-party to a mortgage agreement lacks standing to challenge the mortgage assignment.  See Fortin v. Ocwen Loan Servicing, LLC, 2015 DNH 185, 12-14.  This court has not, however, held that a non-party to a mortgage agreement lacks standing to challenge a mortgage foreclosure under all circumstances.  Other

---

[3] At oral argument, Boyd contended that her mother's abandonment of the property--in the sense that Castleberry ceased residing there after some eight months--coupled with Boyd's maintenance thereof ceded to Boyd some additional or increased interest therein.  She has not offered, and the court is unaware of, any authority that would support such a proposition.

courts in this Circuit have suggested that a non-party may have such standing, possibly as a third-party beneficiary of the agreement, under certain circumstances. See Rice v. Santander Bank, N.A., No. CV 16-10478-FDS, 2016 WL 3676123, at *5 n.6 (D. Mass. July 6, 2016) (Saylor, J.) (plaintiff property owner would have standing to contest validity of mortgage agreement, though not party thereto, where mortgage may impact property's marketability and value); Fryer v. B of A & PHH Mortgage Servs., 2015 DNH 137, 4-6 (Diclerico, J.) (third-party beneficiary of mortgage agreement may have standing to challenge defendant's actions under mortgage agreement). This court need take no position on that question here, however, having concluded that Boyd fails to state a claim for relief against Wells Fargo.

For the reasons discussed above, the defendant's motion to dismiss the complaint[4] is GRANTED. The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: August 31, 2016
cc: Leah Boyd, pro se
Joseph Patrick Kennedy, Esq.

---

[4] Document no. 5.